SHERBURNE LAND COMPANY v. T. E. EELLS. [1]

May 6, 1904.

Nos. 13,862—(50).

**Real Estate Broker.**

A certain contract between a real estate broker and a landowner construed, and *held* that it does not entitle the broker to a commission for trying in good faith to sell the land, without actually finding a purchaser for it.

Appeal by plaintiff from an order of the district court for Ramsey county, Kelly, J., sustaining a demurrer to the complaint. Affirmed.

*Morphy, Ewing & Bradford* and *J. A. Tracy,* for appellant.

*Keith, Evans, Thompson & Fairchild,* for respondent.

START, C. J.

The complaint alleges that the parties hereto entered into a contract in these words:

The Sherburne Land Company,

Gentlemen: Please try to sell the above described land for 4 months or until this list is sooner terminated as herein provided, at $22 or more per acre, payable $500 or more in cash, balance first of March thereafter. When you sell the land or otherwise perform your part of this agreement I will pay you at St. Paul, Minnesota, $2 an acre commission, and if sold to a person you find, all the excess over above price. If I refuse to send commission when due you may maintain action where payable. I may terminate this list by giving you written notice or selling the land.

[Signed]                                     T. E. Eells.

Accepted: Sherburne Land Company.

[1] Reported in 99 N. W. 419.

—and further that pursuant to this contract the plaintiff caused the land described therein to be advertised for sale, and distributed circulars to that effect in many places in the states of Minnesota, Iowa, and Illinois, until May 1, 1903, and from and after the date of the contract and during all of such time spared neither time nor money in advertising for sale and trying to sell the land, and showing it to persons likely to buy it, and did all that plaintiff could be reasonably required to do by virtue of the agreement. The complaint concludes with a demand for judgment against the defendant for the sum of $320. This is an appeal by the plaintiff from an order of the district court of the county of Ramsey sustaining the defendant's demurrer to the complaint on the ground that it does not state facts sufficient to constitute a cause of action.

The only performance of the contract on the part of the plaintiff alleged is that it tried to sell the land, and made reasonable efforts to do so. The only question, then, is whether by the terms of the contract the plaintiff earned its commission by simply trying in good faith to sell the land. This calls for a construction of the contract. The plaintiff contends that the meaning of the contract is that it is entitled to $2 an acre, or $320, sale or no sale, for trying in good faith to sell the land during four months, or "until this list is sooner terminated" by the defendant's giving plaintiff written notice of such termination or selling the land. If this be the contract, then, if the defendant gave the notice of termination of the list within one day after the making of the contract, and the plaintiff had tried in good faith during that day to sell the land, and used its best efforts to do so, it would be entitled to the commission of $320. It is clear from the terms of the contract that such was not the intention of the parties. While this contract is in some particulars unique, as well as vague, yet, when we read and construe it in a common-sense way, its meaning is reasonably clear. When, and only when, by the terms of the contract, is the plaintiff entitled to its commission? The contract answers the question in these words: "When you sell the land or otherwise perform your part of this agreement I will pay you  *  *  *  $2 an acre commission, and if sold to a person you find, all the excess over above price."

Great stress is laid by plaintiff upon the words "or otherwise perform your part of this agreement," and the words "if sold to a person you

find, all the excess over above price." Taking these two clauses as a basis, counsel for plaintiff have made an ingenious argument in support of their claim that the plaintiff could and did otherwise perform its part of the contract, by trying to sell the land. There are well-understood ways whereby a real estate broker may perform his part of the agreement, and earn his commission, other than by personally making a direct sale of the land. He may perform his part of the contract by finding and bringing to the owner a purchaser ready, willing, and able to buy on the owner's terms, although no sale takes place. It is to such other ways of performing the contract that the words "or otherwise perform your part of this agreement" refer. The meaning of the words "if sold to a person you find, all the excess over above price," is not quite clear, but it may be fairly construed as providing that, if the land be sold for more than $22 per acre, the $2 per acre commission and such excess are to be paid to the plaintiff.

We accordingly hold that this contract does not entitle the plaintiff to the stipulated commission for trying in good faith to sell the land, without actually finding a purchaser for it.

Order affirmed.